CERTIFIED TRANSLATION

## COMMONWEALTH OF PUERTO RICO
## COURT OF FIRST INSTANCE
## SUPERIOR COURT OF SAN JUAN

| | |
|---|---|
| **MD DISTRIBUTORS, CORP.** | **CIVIL NO.:** _____ |
| *Plaintiff* | **COURTROOM:** |
| v. | **RE:** |
| **DUTCH OPHTHALMIC RESEARCH CENTER INTERNATIONAL B.V., ABC INSURANCE CORPORATION, INSURANCE COMPANY XYZ, AND JOHN DOE** | **LAW 75;** <br> **BREACH OF CONTRACT;** <br> **TORT LAW** |
| *Defendants* | |

### COMPLAINT

**TO THE HONORABLE COURT:**

   **COMES NOW** the plaintiff, ***MD Distributors, Corp.***, by and through the undersigned legal representative and whom, before this Honorable Court, very respectfully **STATES, ALLEGES, and PRAYS** the following in this Complaint:

### JURISDICTION

   1. This complaint is to request relief for damages due to a violation of Law 75 of June 24, 1964, as amended, 10 LPRA §§278, *et seq.*, "Law 75", which prohibits the termination without just cause (as defined in the same Law), or detriment to the relationship, of a distribution agreement in Puerto Rico. A distributor is whoever creates a favorable market and acquires a clientele for a product or service through the promotion thereof and the execution of sales agreements.

   2. The Court has jurisdiction over and is the proper venue for this cause of action, since the rights claimed arise from the laws of the Commonwealth of Puerto Rico, as a result of the breach of a contract designating the plaintiff corporation as the exclusive sales representative in Puerto Rico of the defendant corporation.

   3. Furthermore, the Court of San Juan is the proper venue to hear the matter, since the main offices of the plaintiff corporation are located in the Municipality of San Juan and the defendant corporation is a foreign corporation. The majority of the facts relevant to this case occurred in Puerto Rico.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION
**MD Distributors, Corp. V. Dutch Ophthalmic Research Center International B.V.**

4. There is personal jurisdiction over the defendant corporation, since a violation of Law 75. As it pertains to jurisdiction clauses, this Law provides as follows:

> The distribution agreements referred to in this Chapter shall be interpreted pursuant to, and will be governed by, the laws of the Commonwealth Puerto Rico, any stipulation to the contrary shall be rendered null and void.
>
> Equally contrary to the public policy that informs this chapter and, therefore, null and void are all stipulations that bind a distributor to settle, arbitrate, or litigate outside of Puerto Rico, or under foreign laws or rules, any dispute that arises in relation to their distribution agreement.

**THE PARTIES**

5. MD Distributors, Corp. ("MD"), is a for-profit corporation organized under the laws of the Commonwealth of Puerto Rico. The main offices of MD are located in San Juan, Puerto Rico. MD is in the business of the sale of medical equipment and medical materials throughout Puerto Rico and the Caribbean. The corporation's address is 425 Carr. 693 PMB 115, Dorado, PR 00646, and its telephone number is 787-237-8888.

6. The defendant corporation, Dutch Ophthalmic Research Center International, B.V. ("D.O.R.C."), is a corporation organized under the laws of the Netherlands, with its main offices located in Scheijdelveweg 2, 3214 VN Zuidland, Netherlands. D.O.R.C. manufactures and sells ophthalmic instruments.

7. In 2014, MD and D.O.R.C., executed an agreement titled "DORC Latin American - Distribution Agreement", through which MD became the exclusive distributor of D.O.R.C.'s products in the markets of Puerto Rico, the Dominican Republic, and the islands of St. Thomas and St. Croix. Said agreement was extended in June of 2016.

8. In fact, the contractual relationship between the parties mentioned above had begun approximately ten (10) years prior, when MD began purchasing D.O.R.C.'s products, thus presenting D.O.R.C.'s products and brands to the Puerto Rican market since that time.

9. ABC Corporation is the fictitious name of any corporation that may be liable to the plaintiff for what is alleged in this Complaint.

10. XYZ Insurance Company is the fictitious name of any insurance company that may have issued an insurance policy to answer for the facts alleged in this Complaint.

2

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.



CERTIFIED TRANSLATION

**MD Distributors, Corp. V. Dutch Ophthalmic Research Center International B.V.**

11. John Doe and Jane Doe are the fictitious names of any persons, companies, or associations who may be liable to the plaintiff for what is alleged in this Complaint.

### FACTS RELATED TO THE VIOLATION OF LAW 75
### AND THE BREACH OF CONTRACT

12. Despite the successful business relationship between the parties, on January 5, 2017, through an email sent by D.O.R.C. to MD, D.O.R.C. informed MD of the unilateral cancelation and/or nonrenewal of the distribution agreement between the parties, since they were allegedly retiring from some markets. Said unilateral cancellation and/or nonrenewal was carried out without any just cause whatsoever.

13. In fact, the alleged retirement from some markets was a pretext of D.O.R.C. for the termination of the distribution agreement with MD, since, soon after, there was evidence of D.O.R.C.'s attempts to sell its products directly to clients in Puerto Rico, thus eliminating MD without first having compensated the latter in any way. This occurred after it was MD who created the market in Puerto Rico for the sale of D.O.R.C.'s products.

14. This being the state of things, the plaintiff sent a cease and desist letter to the defendant on April 21, 2017. Said letter was never formally answered by the defendant, but, recognizing the unlawfulness of the termination of the distribution agreement between the parties, Mr. Rodrigo Gómez (Regional Director and Application Manager Distributor Markets Latin for the defendant) began communicating with the plaintiff insinuating the possibility of some type of modification or revised version of the distribution agreement. Despite this, the defendant never formalized any modification or revised version whatsoever, nor did it reinstate the distribution agreement between the parties, which, owing to the amount of time that had passed, had the effect of destroying the market that the plaintiff had created for the products it distributed. Simply put, the plaintiff lost both the market it had created and the clients.

15. Law No. 75 of June 24, 1964, as amended, 10 LPRA §278, *et seq.*, prohibits a principal who has a distribution agreement with an agent from terminating or refusing to renew said relationship without cause. For public policy reasons, the Law itself provides that the

3



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case 3:18-cv-01120-FAB   Document 1-1   Filed 03/02/18   Page 4 of 8

CERTIFIED TRANSLATION
MD Distributors, Corp. V. Dutch Ophthalmic Research Center International B.V.

protections and rights conferred to distributors may not be waived. 10 LPRA §278a. Law No. 75 was enacted as a reaction to the growing number of cases wherein domestic and foreign companies would, without just cause, eliminate their distributors as soon as said agents had created a favorable market for the principal's products. The legislature believed that a reasonable amount of stability in distribution relationships in Puerto Rico was vital for the country's general economy, and that it was necessary to avoid the abuse that certain practices were creating in this area.

## FIRST CAUSE OF ACTION
## LAW 75 OF JUNE 24, 1964, AS AMENDED

16. The plaintiff re-alleges each and every one of the allegations contained in paragraphs 1 through 15 as if they had been written herein in full.

17. The above-mentioned unilateral termination and/or nonrenewal without just cause of the distribution agreement between the parties has caused serious financial damages to the plaintiff MD Distributors, Corp., as MD was basically squeezed out of the market that it had created. Law 75 provides that if there is no just cause for the termination of a distribution agreement, for any detriment to the established relationship, or for the refusal to renew said agreement, the principal will have committed a tortious act against the distributor and must indemnify the latter in proportion to the damages caused thereto. Such amount shall be determined based on the following factors:

> (a) The current value of the distributor's investment for the acquisition and alteration of shops, equipment, facilities, furniture, and supplies insomuch as these are not easily or reasonably useful for any other activity that the distributor were normally in the business of.
>
> (b) The cost of merchandise, parts, accessories, and supplies that the distributor already has, and the sale or exploitation of which the distributor cannot benefit from.
>
> (c) The capital gains of the business, or the part thereof that is attributable to the relevant distribution of the merchandise or provision of services. Said capital gains are to be determined taking into consideration the following factors:
>
>> (1) Number of years that the distributor has been in charge of distribution;
>>
>> (2) current volume of the relevant distribution of merchandise or provision of services and the proportion of the distributor's business that this represents;
>>
>> (3) proportion of the Puerto Rico market that said volume represents;
>>
>> (4) any other factor that helps to equitably establish said amount for capital gains.

4



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION
**MD Distributors, Corp. V. Dutch Ophthalmic Research Center International B.V.**

(d) The amount of the benefits obtained through the distribution of the merchandise or the provision of services, whichever the case may be, during the last five years, or, if it were less than five, five times the average of the annual benefits obtained during the last years, however many they may be.

18. Subject to the discovery to be carried out in this case, the plaintiff corporation estimates that the damages calculated in light of the criteria stated in Law 75 surpass **THREE MILLION DOLLARS ($3,000,000.00)**.

## SECOND CAUSE OF ACTION
## ARTICLE 1802 OF THE PUERTO RICO CIVIL CODE

19. The plaintiff re-alleges each and every one of the allegations contained in paragraphs 1 through 18 as if they had been written herein in full.

20. Furthermore, those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby. (31 LPRA 3018.)

21. The nature of the action that can be commenced under Section 3018 of Title 31 of LPRA is not affected or altered by the fact that there is another action due to tortious acts under Section 5142 of Title 31 (Art. 1802 of the Civil Code) as a result of or that arises from the same breach of the contractual obligation. Prieto v. Maryland Casualty Co., 98 DPR 594 (1970).

22. A breach of contract creates a cause of action to all persons who are affected or suffer damages as a result of said breach. Camacho v. Iglesia Católica, 72 DPR 353 (1951).

23. The indemnity for damages and losses referred to in Article 1054 of the Civil Code (31 LPRA §3018) encompasses not only the value of the loss suffered, but also the lost profits. 31 LPRA §3023; Noble v. Corporación Insular de Seguros, 738 F. 2d 51 (1984). As a result of the unlawful termination of its distribution agreement, the plaintiff lost out on sales and therefore suffered lost profits.

24. As a result of the acts of the defendants, the reputation of the plaintiff corporation was affected among its clients. This harm caused it to lose one or more of its clients for a period of over one year.

5



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION
MD Distributors, Corp. V. Dutch Ophthalmic Research Center International B.V.

25. The damages to the plaintiff are claimable under Article 1802 of the Puerto Rico Civil Code, 31 LPRA §5141, including the lost profits due to loss of sales, and these damages are estimated at an amount no less than **FIVE MILLION DOLLARS ($5,000,000.00)**.

### THIRD CAUSE OF ACTION
### TEMERITY AND ATTORNEY'S FEES

26. The plaintiff re-alleges each and every one of the allegations contained in paragraphs 1 through 25 as if they had been written herein in full.

27. The defendants have been temerarious in their actions and have intentionally violated the rights of the plaintiff.

28. The plaintiff requests the levying upon the defendants of the payment of costs and attorney's fees, to be calculated based on the actual attorney's fees incurred by the plaintiff in the processing of this lawsuit.

### PRAYER

**WHEREFORE,** we very respectfully request that this Honorable Court **GRANT** this Complaint, and consequentially enter Judgment in favor of the plaintiff and against the defendants thereby (1) prohibiting them from terminating the existing contractual relationship or unilaterally amending it; (2) ordering them to pay for the damages caused by their acts; (3) ordering them to pay the costs and attorney's fees incurred by the plaintiff; (4) ordering them to pay interest for temerity; (5) and any other relief appropriate in law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on December 26, 2017.

[Logo of Estrella, LLC
Attorneys & Counselors]
*Attorneys for the Plaintiff*
PO Box 9023596
San Juan, Puerto Rico 00902-3596
(787) 977-5050 (787) 977-5090

[Signed]
**ANDRÉS J. COLBERG TRIGO (12,545)**
acolberg@estrella.com

[Internal revenue stamps
in the amount of $90.00
dated 20/01/2017]

6

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.



CERTIFIED TRANSLATION

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT OF SAN JUAN**

| | |
|---|---|
| **MD DISTRIBUTORS, CORP.** | **CIVIL NO.:** SJ2017CV03021 |
| *Plaintiff* | **COURTROOM:** |
| *v.* | **RE:** |
| **DUTCH OPHTHALMIC RESEARCH CENTER INTERNATIONAL B.V., ET AL.** | **LAW 75;** **BREACH OF CONTRACT;** **TORT LAW** |
| *Defendants* | |

**NOTICE OF COMPLAINT**
**AND REQUEST FOR WAIVER OF SERVICE OF PROCESS**

**TO:** DUTCH OPHTHALMIC RESEARCH CENTER INTERNATIONAL B.V
Scheijdelveweg 2, 3214 VN Zuidland, Netherlands

You are hereby given notice that a lawsuit has been filed against you (or the entity you represent) in the case of caption. Attached is a true and exact copy of the complaint filed, of which you may obtain all the details and particulars of the stated claim. Furthermore, pursuant to the provisions of Rule 4.5 of the Puerto Rico Rules of Civil Procedure, we request you waive the procedure for personal service of process of the summons issued in your name, thus avoiding the expenses that said procedure entails.

Should you accept the requested waiver, you must fill out and sign this request on the back and return it in the self-addressed envelope we have included within twenty (20) days of the date of mail deposit of this request, or within thirty (30) days of said date if you are not in Puerto Rico.

Once you have returned this document duly filled out and signed by you, then it will be filed before the court and the action will proceed as if you had been served process on the date on which you accepted the waiver. You must answer the complaint within thirty (30) of sending the duly filled out document.

If you opt to not waive service of process, we will proceed to take the necessary steps to serve the summons pursuant to the provisions of Rule 4 of the Puerto Rico Rules of Civil Procedure, and request the court levy upon you the payment of the service of process to you, including attorney's fees. Regarding this matter, please read the explanation found on the back.

I certify that I have mailed this request with a copy, with a copy of the complaint, and a self-addressed envelope on December 26, 2017.

[Logo of Estrella, LLC
Attorneys & Counselors]
*Attorneys for MD Distributors, Corp.*
PO Box 9023596
San Juan, Puerto Rico 00902-3596
(787) 977-5050 /(787) 977-5090
[Signed]
**ANDRÉS J. COLBERG TRIGO (12,545)**
acolberg@estrella.com



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

# WAIVER OF SERVICE OF PROCESS

**TO:**   DUTCH OPHTHALMIC RESEARCH CENTER INTERNATIONAL B.V
 Scheijdelveweg 2, 3214 VN Zuidland, Netherlands

I, Jaime E. Toro Monserate, attorney for, the defendant acknowledge receipt of this Request for Waiver of Service of Process and of one copy, sent by you in the case of caption. I also acknowledge receipt of a copy of the complaint filed in the case and of a self-addressed envelope wherein I may return this document once it has been signed at no cost.

I accept saving the cost of service of process and of mailing an additional copy of the complaint, and thus I waive the personal service of process provided in Rule 4 of the Puerto Rico Rules of Civil Procedure. However, I reserve the right to request the removal of the case to a court with proper venue, and to present all of the defenses and objections that may exist with regard to the cause of action or the jurisdiction of the court, with the exception of those defenses related to the summons or the service of process thereof. I certify that my waiver is voluntary and is not the product of coercion.

I understand that the court may enter a default judgment if I were to fail to notify an answer to the complaint or the appropriate motion within thirty (30) days of the mailing of this document.

Mailed on February 9, 2018

                                                        [Signed]
                                         Signature of the defendant
                                         legal representative

# DUTY TO AVOID THE COSTS OF SERVING PROCESS

Rule 4.5 of the Puerto Rico Rules of Civil Procedure requires, save for certain exceptions, that the plaintiff avoid the costs of serving process of the summons and the complaint. Therefore, if the defendant does not waive the service of process after having been given notice of the action against it and after said waiver has been requested, it must then assume the costs of the service of process, unless it can show just cause. The fact that the defendant considers that the complaint lacks merit or that it was filed before a court that is not the proper venue or that lacks jurisdiction over the matter, person, or property, shall not constitute sufficient cause for the refusal to waive service of process.

The defendant that waives service of process of the summons retains all defenses and objections, and therefore may raise them at a later time, with the exception of those related to the summons or the service of process. The defendant may also request the removal of the case to a court with the proper venue, if it deems so appropriate.

The defendant who waives the service of process must give notice thereof to the legal representative of the plaintiff or to the plaintiff who is representing itself of the appropriate answer to the complaint, and must file it before the court within the period provided in the request for waiver. By waiving the service of process, the defendant may have a longer period of time during which to answer the complaint than the period allotted had the defendant been served on the date on which it received the request for waiver of service of process. Should a defendant fail to notify an answer or a motion within said period, the court may enter default and subsequently issue a judgment against the defendant, or any other relief, if the court, in the exercise of its sound discretion, deems it so appropriate.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.