**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MD Distributors, Corp. | |
| *Plaintiff*, | Civil No. 18-1120 (FAB) |
| v. | Law 75; Damages |
| Dutch Ophthalmic Research Center International B.V. et al., | |
| *Defendants*. | |

**REPLY TO "OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS," DKT. 12**

TO THE HONORABLE COURT:

COMES NOW defendant D.O.R.C. Dutch Ophthalmic Research Center (International) B.V. ("DORC"), through the undersigned attorneys, and very respectfully states and prays:

**I.      Introduction**

On March 7, 2018, DORC filed a motion to dismiss premised on choice of forum and law clauses, included in the distribution agreement executed by MD and DORC. Dkt. 7. On May 2, 2018, MD responded claiming that: (1) the contract signed by MD and DORC is a contract for adhesion, and thus it was not freely negotiated, Dkt. 12 at 3; (2) forum selection clauses are not enforceable under Law 75, *Id.*, and (3) MD is inconvenienced by having the case tried in Rotterdam, *Id.*[1] On May 4, 2018, DORC was granted leave to reply.

A cursory review of MD's Opposition confirms that the contract was freely agreed by the parties, and there are no indicia of fraud or overreaching. Moreover, applicable case law has

---

[1] It is worth noting that the Opposition does not controvert the terms of the agreement or the choice of law and forum provisions or allege that these terms were not clear.

rejected MD's arguments when deciding the enforceability of forum selection clauses under Law 75. Since the choice of law and forum selection clauses are enforceable, MD's claims should be dismissed. Further, since MD did not oppose DORC's request to dismiss MD's second cause of action, the same should be dismissed with prejudice.

## II.    Discussion

**1.    The Court should rule on DORC's Motion to Dismiss under Rule 12(b)(6), without considering matters outside of the pleadings.**

MD claims that *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013) prevents this Court from deciding this motion under Rule 12(b)(6). *See* Dkt. 12 at 7. That is incorrect. In that case, the petitioner did not file a motion under Rule 12(b)(6), and the Supreme Court did not consider said rule. *Id*. at 61. The First Circuit, on the contrary, has held that a forum selection clause can be decided under Rule 12(b)(6). *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014).

Generally, when deciding a Rule 12(b)(6) motion, a court may not consider matters outside the pleadings, weigh evidence, or make factual determinations. *Massachusetts Delivery Ass'n v. Coakley*, 671 F.3d 33, 40, Fn.6 (1st Cir. 2012). As an exception, the court may consider certain documents, including, "documents [whose] authenticity….are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the Complaint." *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009)(citing *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)); *Claudio-De Leon*, 775 F.3d at 46; *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir.1998) ("When ... a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that

document effectively merges into the pleadings"); *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55–56 (1st Cir. 2012)("concessions in plaintiff's response to the motion to dismiss" may be considered).

      With its Motion to Dismiss, DORC included the contract containing the forum and choice of law clauses that are at issue. *See* Dkt. 7-1. MD argues that DORC's Motion to Dismiss should be treated as a summary judgment motion because of said contract. Yet, for purposes of ruling on a Rule 12(b)(6) motion, this Court can consider the agreement between MD and DORC since it is sufficiently referred to in the Complaint, is central to MD's claim, its authenticity has not been questioned, and MD conceded it signed the agreement. *See id*.

      The Complaint alleges that MD and DORC executed an agreement. *See* Complaint ¶7 at p. 2. The only executed agreement is the one submitted as Exhibit 1 to the Motion to Dismiss. MD does not contest this fact. In fact, MD acknowledged that it signed said agreement. *See* Dkt. 12 at 5 ("I had no alternative but to sign the contract…"); *see also id.* at 15 ("Mr. Díaz signs the Agreements with extension until December 2016…"). Neither has MD presented another contract signed by the parties. Since the authenticity of the agreement is not at issue, it can be considered by the Court when deciding DORC's Rule 12(b)(6) motion, without transforming it into a summary judgment motion. Accordingly, when deciding DORC's motion, the court ought to only take into consideration the facts alleged in the Complaint, and the contract included with the Motion to Dismiss. *See* Rule 12(b)(6).[2] *Beddall,* 137 F.3d at 17 (1st Cir. 1998) (holding that consideration of the Agreement did not compel the court to treat the motion as one for summary judgment).

---

[2] As argued in the Motion to Dismiss, this case can also be dismissed under forum non conveniens grounds.

2.       **MD cannot amend its allegations in its Opposition to the Motion to Dismiss.**

In its Opposition, MD does not argue that the forum and choice of law clauses are unclear or that their terms make them unenforceable.[3] Instead, MD now argues that the contract should be declared null and void because it should be deemed one of adhesion, or that MD's failure to understand the clear terms of the agreement constitutes deceit and should be imputed to DORC. *See* Dkt. 12 at 8-11 and 12-15. Neither allegation is encompassed within the four corners of the Complaint. The Complaint cites to an executed agreement as the basis of the contractual arrangement between the parties. *See* Complaint ¶7 at p. 2. It does not context the validity of said contractual relationship.

MD is trying to amend its Complaint, by now requesting in the Opposition that the agreement be nullified under unpled facts and causes of actions, i.e., the contract is of adhesion and deceit. Such action is improper. *Portfolioscope, Inc. v. I-Flex Sols. Ltd.*, 473 F. Supp. 2d 252, 256 (D. Mass. 2007)("it is axiomatic that a Plaintiff may not amend its pleadings in the Opposition"). As such, the Court should ignore statements not included in the Complaint. *See Ghazarian v. Am. Home Mortg. Servicing Wells Fargo*, No. CIV A 11-11277-PBS, 2013 WL 4411758, at *4, Fn. 8 (D. Mass. July 18, 2013) (holding that a party may not add new claims in an opposition to the motion to dismiss); *see Rivera*, 575 F. 3d at 16 (the First Circuit not endorsing the consideration of issues outside the pleadings when deciding a Rule 12(b)(6) motion).

In an abundance of caution, DORC addresses MD's allegations of deceit and contract of adhesion, because even accepting these allegations as true for purposes of this reply, they do not suffice to render the forum selection clause unenforceable. *Id*.

---

[3] If the contract were found to be one of adhesion, the consequence would be that in case of ambiguity, it would be interpreted favorably to the party who did not draft the agreement, see *Zurich Am. Ins. v. Lord Elec. Co. of Puerto Rico*, 986 F. Supp. 2d 104, 111 (D.P.R. 2013), *as corrected* (Dec. 20, 2013), citing *Rivera* 575 F.3d at 19.

3.      **The forum selection clause is enforceable.**

MD does not dispute that the forum selection clause is mandatory. Thus, it is *prima facie* valid and enforceable, and MD bears the burden of proving otherwise. *M/S Bremen v. Zapata Off– Shore Co.*, 407 U.S. 1, 10 (1972).[4] Instead, MD argues that forum selection clauses are unenforceable in cases alleging an exclusive distributorship agreement under Law 75. Yet, the First Circuit and district courts have enforced forum selection clauses in cases involving exclusive distributorships and choice of law clauses. *See e.g., Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 49 (1st Cir. 1990)(Brazilian law clause); *Stereo Gema, Inc. v. Magnadyne Corp.*, 941 F. Supp. 271, 273 (D.P.R. 1996)(California law clause); *MARPOR Corp. v. DFO, LLC*, No. CIV. 10-1312 PG, 2010 WL 4922693, at *5 (D.P.R. Dec. 2, 2010)(South Carolina law clause)(Not Reported).

Moreover, *Rodriguez Barril, Inc. v. Conbraco Industries, Inc.*, 619 F.3d 90 (1st Cir. 2010), on which MD relies, pertained to a Law 21 claim. As such, any statements made in relation to Law 75 are dicta, and not dispositive in this case. *Ace Hardware Int'l Holdings Inc. v. Masso Expo Corp.*, No. 11 C 3928, 2012 WL 182236, at *4 (N.D. Ill. Jan. 23, 2012)(finding that "*Conbraco* … statements regarding Law 75 are dicta.")(Not reported); *Puerto Rico Surgical Techs., Inc. v. Applied Med. Distribution Corp.*, No. CIV. 10-1797 JP, 2010 WL 4237927, at *3, Fn. 2. (D.P.R. Oct. 26, 2010)(Not reported). What is dispositive is the case law holding that when a foreign corporation seeks to enforce a forum selection clause, principles of comity and international commerce favor enforcement of said clause. *Bremen*, 407 U.S. at 12–13, ("there are compelling reasons why a freely negotiated private international agreement, unaffected by fraud, undue

---

[4] MD incorrectly avers that federal common law does not apply to forum selection clauses, since this Court's jurisdiction rests on diversity. *See* Dkt. 12 at 15. Yet, the First Circuit has held that since there is no conflict between federal common law and Puerto Rico law, federal common law will be applied to forum selection clauses. *Rivera*, 575 F.3d at 16-17.

influence, or overweening bargaining power, such as that involved here, should be given full effect"); *Antilles Cement Corp. v. Aalborg Portland A/S*, 526 F. Supp. 2d 205, 209 (D.P.R. 2007)("cases decided under *Bremen* have similarly bypassed the Law 75 forum limitations while applying federal common law"; *MARPOR Corp.*, *supra*, at *5 ("Despite the important public policy rubric of Law 75, the Supreme Court of Puerto Rico has adopted federal standards on forum selection clauses.").

### a. MD, a corporation, cannot claim fraud or overreaching because it did not read the contract it signed or consult with his attorneys prior to signing it.

MD downplays the fact that the relationship at issue is between a foreign corporation and a Puerto Rico corporation, conducting arm's-length transactions in two separate countries. MD's argument that it was forced into signing the agreement is implausible, contrary to the pleadings, and not supported by facts averred in its Opposition. Yet, even if MD's allegations in the Opposition are taken as true –that if MD did not sign the agreement, DORC would not release the merchandise, *see* Dkt. 12 at 5-6 and 13– this would be insufficient to prove coercion or overreaching. *See Stereo Gema, Inc.,* 941 F. Supp. at 276 (rejecting a similar argument in which the "only evidence in support of [coercion] is that he was told that if he did not sign the agreement, Magnadyne would not supply Gema with its products").

Second, MD's arguments –that lack of negotiation or greater bargaining power renders a forum clause unenforceable– has been rejected by this Circuit. *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 389 (1st Cir. 2001); *see also, Stereo Gema, Inc.* 941 F. Supp. at 277 (explaining that "inequality of bargaining power will not, however make a contract unconscionable; the questions are whether the parties were given an opportunity to read and understand the contract and whether the terms at issue are unreasonable."); *Outek Caribbean Distributors, Inc. v. Echo,*

*Inc.*, 206 F. Supp. 2d 263, 268 (D.P.R. 2002)("Under *Outek's* theory, any individual that had signed a form contract with a large corporation could subsequently invalidate any contract clauses that he considered to be unpleasant simply by claiming the existence of unequal bargaining power. In such a world, contracts would have little enforcement effect. This, however, is not the state of the law.").

Third, MD argues that since it "failed to understand the legal implications and ramification of his actions, when the contract contained language that no one had discussed with him, let alone allow any negotiations because it was a contract of adhesion;" Dkt. 12 at 10, it constituted deceit. Similar arguments have been dismissed by the First Circuit. *Rivera*, 575 F.3d at 19 (2009)("The assertion 'I didn't know what was in the contract that I signed' is made by litigants frequently but almost never successfully. Absent fraud, a person is deemed to know the contents of a contract that he or she signs.... Thus, whether plaintiffs actually knew of the arbitration clause in their contracts is irrelevant; that knowledge is imputed as a matter of law. That logic applies here as well.") (internal citations omitted); *see also, Stereo Gema, Inc.,* 941 F. Supp. at 276 (noting that "A prudent businessperson who signs an agreement cannot subsequently seek to avoid its enforcement on the grounds that he did not read the agreement or did not understand its terms…To allow Gema to avoid the forum selection clause would create the perverse incentive of encouraging parties not to read contracts before signing them so that they would subsequently have a pretext to avoid unfavorable clauses.").

Fourth, MD asserts that because the contract should be deemed one of adhesion it should be declared "null and void." Dkt. 12 at 8-9. MD's argument is contrary to well-established law. *See Rivera,* 575 F.3d at 19 (2009)("The mere fact that a contract is one of adhesion does not render it per se unenforceable..."[A]dhesion does not imply nullity of a contract." *Nieves v.*

7

*Intercontinental Life Ins. Co. of P.R.*, 964 F.2d 60, 63 (1st Cir.1992) (citation omitted). "If the wording of the contract is explicit and its language is clear, its terms and conditions are binding on the parties." *Id.* (collecting Puerto Rico cases); *see also Bull HN Info. Sys., Inc. v. Hutson*, 229 F.3d 321, 331 (1st Cir.2000) ("[O]f course, even a contract of adhesion is enforced unless unconscionable or unfair.")). Here, MD's argument is inapplicable since the terms of the forum selection clause are clear. MD does not argue otherwise.

**b.  MD has not proven it will be deprived of his day in court.**

MD avers it will be inconvenienced by litigating its claim in Rotterdam, since its witnesses and business records are in Puerto Rico.[5] *See* Dkt. 12 at 3, 16. Yet, that is not the standard established under *Bremen* or the one adopted under First Circuit law. *In re Mercurio*, 402 F.3d 62, 66 (1st Cir. 2005)("something considerably more than the mere inconvenience of traveling to litigate in a different, even faraway foreign jurisdiction, is required to overcome a contractual agreement to do so"). As such, MD has not satisfied the "heavy burden of proof," required to set aside the forum selection clause on grounds of convenience. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *see also*, *Miro Gonzalez v. Avatar Realty, Inc.*, 177 F. Supp. 2d 101, 104 (D.P.R. 2001)(the party challenging enforceability must show that the "trial in contractual forum will be so gravely difficult and inconvenient that [it] will, for all practical purposes, be deprived of its day in court.") (internal citations omitted).

**4.   MD did not oppose DORC's argument requesting dismissal of the tort claim.**

MD did not oppose DORC's dismissal request of the Complaint's second cause of action. DORC requested dismissal of this claim since (1) the facts and damages alleged were premised on

---

[5] By the same token, DORC's main offices, business records, and key witnesses, including the signatories of the agreement are in the Netherlands. DORC is being forced to expend additional resources, and is highly inconvenienced by having the current litigation, especially when it bargained for a specific forum in the distribution agreement.

a breach of contract action; not a tort action, and (2) the claimed damages were based on the same facts giving rise to its Law 75 claim, and thus were duplicative. *See* Dkt. 7 at 10-13. Although the court may not treat a failure to respond as a procedural default, it is "within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity." *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004). Under Puerto Rico local rule 7(b), a party must file written objections, incorporating a memorandum of law; otherwise, "the opposing party shall be deemed to have waived the objection." L.Cv.R 7(b). Because the law favors dismissal, *see* Dkt. 7 at 10- 13, and MD failed to file objections, the Court should dismiss MD's tort claim with prejudice.

### III.    Conclusion

Plaintiff's opposition misses the boat by ignoring the clear doctrine of *M/S Bremen v. Zapata Off–Shore Co.* The choice-of-forum and choice-of-law clauses are fully enforceable. Here, "All that remains, then, is an arms-length transaction, the terms of which are binding on both parties. As such, the enforcement of those terms is not unreasonable." *Silva,* 239 F.3d at 389 (1st Cir. 2001). Accordingly, this Court should dismiss this case in its entirety.

WHEREFORE, DORC respectfully requests that the Court grants DORC's motion to dismiss so that MD may re-file its claim in the appropriate forum, and dismiss with prejudice MD's tort claim.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 14th day of May, 2018.

**MELENDEZ TORRES LAW, PSC**
*Attorneys for Dutch Ophthalmic Research*
*Center International B.V.*
MCS Plaza, Suite 1200
255 Ponce de León Avenue
San Juan, PR 00917
Telephone (787) 281-8100
Fax (787) 281-8310

*s/Jaime Toro Monserrate*
USDC-PR No. 204601
jtoro@melendeztorreslaw.com

*s/Isabel C. Lecompte Shiba*
USDC-PR No. 230714
ilecompte@melendeztorreslaw.com

## CERTIFICATION

IT IS HEREBY CERTIFIED that on this same date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Isabel C. Lecompte Shiba*
USDC-PR No. 230714