IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MD DISTRIBUTORS, CORP.,

    **Plaintiff**,

             **v.**                         **Civil No.** 18-1120 (FAB)

DUTCH OPHTHALMIC RESEARCH
CENTER INTERNATIONAL B.V.,

    **Defendant.**

OPINION AND ORDER[1]

BESOSA, District Judge.

Dutch Ophthalmic Research Center International B.V. ("Dutch Ophthalmic") moves to dismiss plaintiff MD Distributors, Corp. ("MD Distributors")'s complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 7.)  For the reasons set forth below, this Court **GRANTS** Dutch Ophthalmic's motion to dismiss.

I.  **Background**

MD Distributors specializes in medical equipment sales in Puerto Rico and the Caribbean.  (Docket No. 1, Ex. 1 at p. 5.) Dutch Ophthalmic "manufactures and sells ophthalmic instruments." Id.  The business relationship between the parties commenced in 2005, when MD Distributors began operating as Dutch Ophthalmic's

---

[1] Brett Uslaner, a second-year student at Fordham University School of Law, assisted in the preparation of this Opinion and Order.

exclusive distributor in Puerto Rico. (Docket No. 12 at p. 3.) In 2014, the parties entered into a written agreement (the "Agreement"), which named MD Distributors as "the exclusive distributor of [Dutch Ophthalmic's] products in the markets of Puerto Rico, the Dominican Republic, and the islands of St. Thomas and St. Croix." (Docket No. 1, Ex. 1 at p. 5.)

One year later, the parties entered into an amended agreement (the "Amended Agreement"). (Docket No. 7, Ex. 1.) Section 1.1 of the Amended Agreement states that "[the Amended Agreement] between [Dutch Ophthalmic] and [MD Distributors] dated July 23, 2015 . . . supersedes and replaces all previous understandings, agreements or contracts, written or verbal between [Dutch Ophthalmic] and [MD Distributors]." (Docket No. 7, Ex. 1 at p. 15.) Dutch Ophthalmic and MD Distributors agreed that:

> [A]ll Annexes hereto and all non-contractual obligations arising out of or in connection with this Agreement shall be exclusively governed by and construed and interpreted in accordance with Dutch law, with the exclusion of Dutch International private law and the United Nations Convention on Contracts for the International Sales of Goods (Vienna Sales Convention).

(Docket No. 7, Ex. 1 at p. 21.) The Amended Agreement also sets forth a forum selection clause, providing that "[a]ll disputes arising from this Agreement (whether contractual or non-contractual) shall be submitted to the exclusive jurisdiction of the competent court of Rotterdam." (Docket No. 7, Ex. 1 at p. 21.)

On January 5, 2017, "[Dutch Ophthalmic] informed [MD Distributors] of the unilateral cancelation and/or nonrenewal of the [Amended Agreement]." (Docket No. 1, Ex. 1 at p. 6.)  In response, MD Distributors commenced an action against Dutch Ophthalmic in the Puerto Rico Court of First Instance for breach of contract pursuant to Puerto Rico Law 75, P.R. Laws Ann. tit. 10, sections 278 *et seq.* (Puerto Rico Law 75"), and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, section 5141, alleging that Dutch Ophthalmic breached the Amended Agreement without just cause. (Docket No. 1 at p. 1.)

Dutch Ophthalmic removed this action to this Court pursuant to 28 U.S.C. § 1446 on March 2, 2018.  Id.  According to Dutch Ophthalmic, the forum selection and choice of law clauses set forth in Section 12 of the Amended Agreement require dismissal of this action pursuant to Rule 12(b)(6). (Docket No. 1 at p. 2.)  MD Distributors contends, however, that the forum selection clause and choice of law provisions are unenforceable for the following reasons: (1) the Amended Agreement is void, (2) the clauses violate public policy pursuant to Puerto Rico Law 75, (3) the forum is inconvenient, and (4) the Rotterdam Court will not apply Law 75. (Docket No. 12 at p. 3.)  The arguments set forth by MD Distributors are unavailing.

## II.  Standard of Review

The First Circuit Court of Appeals "treat[s] a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009).  Courts "assume the truth of all well-pleaded facts in the complaint and indulge all reasonable inferences that fit the plaintiff's stated theory of liability." Rivera, 575 F.3d at 13 (quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5 (1st Cir. 2005) (internal quotation marks and citation omitted).

Forum selection clauses are "*prima facie* valid," and are enforced barring three conditions:  (1) the clause was the product of "fraud or overreaching," (2) "enforcement would be unreasonable and unjust," or (3) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 93 (1st Cir. 2010) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).  The party challenging enforcement of the forum selection clause shoulders a "heavy burden of proof." Bremen, 407 U.S. at 17.  The standard set forth in Bremen governs this Court's analysis because the "Puerto Rico Supreme Court has adopted the federal

jurisprudence on this issue." Stereo Gema, Inc. v. Magnadyne Corp., 941 F. Supp. 271, 273 (D.P.R. 1996) (Laffitte, J.) (citing Unisys Puerto Rico, Inc. v. Ramallo Bros. Printing, Inc., 128 D.P.R. 842 (1991); see also Silva., 239 F.3d at 387 n. 1 (noting that "there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum-selection clauses.").

## III. Discussion

The parties concur that the forum selection clause is mandatory. Docket Nos. 12 at p. 11; 17 at p. 5; See Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 92 (1st Cir. 2010) (noting that the "opening question is whether the forum specified in the selection clause is mandatory or merely permissive") (citation omitted). The dispositive inquiry in this action is whether the forum selection clause is enforceable. MD Distributors challenges the enforceability of the forum selection clause pursuant to the three Bremen factors.

### A. The forum selection clause was not a product of fraud or overreaching

#### 1. Overreaching

MD Distributors argues that the forum selection clause is unenforceable because the Amended Agreement is a contract of adhesion. (Docket No. 12 at p. 8.) "A contract of adhesion is

a contract offered by the authoring party on a take it or leave it basis rather than being negotiated between the parties." Rivera, 575 F.3d at 19 n. 7.  MD Distributors anchors its argument on the proposition that it did not have an opportunity to negotiate the clause, seek the advice of counsel, or "understand the nature of some of the clauses contained in the contract." (Docket No. 12 at p. 13.)

This argument fails.  In Carnival Cruise Lines, Inc. v. Shute, the Supreme Court of the United States held that forum selection clauses in contracts of adhesion are presumptively valid.  499 U.S. 585, 593 (1991) (citing Bremen, 407 U.S. at 13). The First Circuit Court of Appeals has repeatedly echoed the holding in Carnival Cruise Lines.  See Rivera, 575 F.3d at 19 ("The mere fact that a contract is one of adhesion does not render it per se unenforceable."); Bull HN Info. Sys., Inc. v. Hutson, 229 F.3d 321, 331 (1st Cir. 2000) ("[O]f course, even a contract of adhesion is enforced unless unconscionable or unfair.").

MD Distributors argues that the Amended Agreement "was the result of an overwhelming bargaining power exerted by a global company in The Netherlands over a local corporation in Puerto Rico that is owned by one person." (Docket No. 12 at p. 12.)  Pursuant to Bremen, overreaching consists of "unfair exploitation of [a party's] overwhelming bargaining power or

influence over the other party." Rivera, 575 F.3d at 21.  MD
Distributors' argument fails because the terms of the forum
selection clause are unambiguous, and nothing in the record
suggests that the inequality in bargaining power among the parties
is so disproportionate that the forum selection clause must be
voided.  See Silva, 239 F.3d at 386 (enforcing forum selection
clause where "clause was written in plain language and the contract
was of reasonable length."); Stereo Gema, 941 F. Supp. at 277
(rejecting claim that forum selection clause was unenforceable due
to party's lack of awareness where "[t]he terms of the clause
[were] clear . . . [and the parties were of] roughly comparable
bargaining power) (citing Lambert, 983 F.2d at 1121).  In these
circumstances, this Court presumes that each party at a minimum
read and understood the terms of the Amended Agreement.  See
Rivera, 575 F.3d at 21 (holding that "knowledge [of the contract]
is imputed as a matter of law").  Consequently, the forum selection
clause was not a product of overreaching.

> **2.   Fraud**

The record demonstrates that the forum selection
clause was not a product of fraud.  The First Circuit Court of
Appeal's decision in Rivera is illustrative.  In Rivera, the
plaintiff argued that (1) no one explained the forum selection
clause to him or informed plaintiff that he could seek an attorney,

that (2) he did not attempt to negotiate, and that (3) he did not understand the legal implications of the terms. Id. at 20. The First Circuit Court of Appeals held that these circumstances did not constitute fraud and that the forum selection clause was enforceable. Id. MD Distributors sets forth identical arguments, stating that it "failed to understand the legal implications and ramifications of [signing the Amended Agreement]," that it did not "have any say in its language, or its terms and conditions," and that the Amended Agreement "had language that no one discussed or explained to [MD Distributors]." (Docket No. 12 at pp. 10 and 13.) MD Distributors' argument that the Amended Agreement "should be considered null and void because of [Dutch Ophthalmic's] deceitful conduct," without more, cannot sustain Dutch Ophthalmic's motion to dismiss. See Stereo, 941 F. Supp. at 276 (rejecting challenge to forum selection clause where "[plaintiff] was told that if he did not sign the agreement, [the defendant corporation] would not supply [him] with its products.").

**B.   Enforcement of the forum selection clause would not be unreasonable or unjust**

MD Distributors contends that it would be unjust and unreasonable to litigate the breach of contract action in The Netherlands. (Docket No. 12 at p. 11.) To invalidate a forum selection clause, "the resisting party must show that trial in the

contractual forum will be so gravely difficult and inconvenient that he will **for all practical purposes be deprived of his day in court.**" <u>Bremen</u>, 407 U.S. at 18 (emphasis added).  MD Distributors argues that because all of the business records and witnesses are located in Puerto Rico, litigation in a foreign jurisdiction regarding the Amended Agreement is prohibitively difficult.

This argument is unconvincing.  The First Circuit Court of Appeals has held that "something considerably more than the mere inconvenience of traveling to litigate in a different, even faraway foreign jurisdiction, is required to overcome a contractual agreement to do so."  <u>In re Mercurio</u>, 402 F.3d 62, 66 (1st Cir. 2005) (citation omitted); <u>see</u> <u>Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda</u>, 906 F.2d 45, 49 (1st Cir. 1990) ("[A] showing of inconvenience as to a foreign forum would not be enough to hold a forum-selection clause unenforceable, especially if that inconvenience was known or contemplated by the parties at the time of their agreement.").  MD Distributors does not allege that the relevant business records cannot be submitted or that witnesses cannot appear before the Rotterdam Court. Ultimately, MD Distributors' argument centers on mere inconvenience.  "The fact that another location would prove more convenient to the party resisting the agreed upon location[, however,] is not sufficient to meet the 'heavy burden' required to

obviate a forum selection clause." <u>Antilles</u>, 526 F. Supp. 2d at 208 (quoting <u>Carnival</u>, 499 U.S. at 595). Accordingly, enforcement of the forum selection clause would not deprive MD Distributors of judicial recourse.

Courts have construed this standard strictly. In <u>McDonnell Douglas Corp. v. Islamic Republic of Iran</u>, 758 F.2d 341 (8th Cir. 1985), the Eighth Circuit Court of Appeals held that a forum selection clause requiring litigation in Iran was unenforceable, reasoning that Iran's post-revolutionary political climate and war with Iraq rendered its judicial system incapable of providing an adequate remedy. <u>Id.</u> at 345-46. Similarly, in <u>Tokio Marine & Fire Ins. Co. v. M/V TURQUOISE</u>, 2001 WL 939826, *3 (D.S.C. 2001), the defendant moved to dismiss the plaintiff's *in-rem* claim pursuant to a foreign selection clause, which prescribed South Korea as the mandatory forum. <u>Id.</u> at *3. The clause was unenforceable because South Korea did not permit *in-rem* suits. <u>Id.</u> This case does not present any comparable obstacles that would deprive MD Distributors of pursing the breach of contract claim against Dutch Ophthalmic in The Netherlands. Consequently, MD Distributors fails to overcome the exceedingly high threshold required pursuant to <u>Bremen</u>.

   **C.   Enforcement of the forum selection clause does not contravene the public policy of Puerto Rico**

       MD Distributors argues that enforcement of the forum selection clause contravenes the public policy of Puerto Rico, (Docket No. 12 at p. 16.)  MD Distributors relies on Puerto Rico Law 75, which serves "to protect the interest of commercial distributors working in Puerto Rico." Gemco Latinoamericana, Inc. v. Seiko Time Corp., 623 F. Supp. 912, 918 (D.P.R. 1985) (Laffitte, J.); P.R. Laws Ann. tit. 10, §§ 278 *et seq*.  Puerto Rico Law 75 states that:

> [a]ny stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and void.

P.R. Laws Ann. tit. 10, § 278b-2.  MD Distributors is a "dealer" pursuant to Law 75.  See Triangle Trading Co. v. Robroy Indus., Inc., 952 F. Supp. 75, 77 (D.P.R. 1997) (Casellas, J.) (noting that a dealer pursuant to Puerto Rico Law 75 is a person "having effectively in his charge in Puerto Rico the distribution, agency, concession or representation of a given merchandise or service'") (quoting P.R. Laws Ann. tit. 10, § 278(a)).  MD Distributors asserts that the forum selection clause is unenforceable because (1) "the interpretation [of the forum selection clause] falls outside the ambit of federal common law; and (2) if the case were

transferred to Rotterdam, "there is no certainty that Puerto Rico's Law 75 would even be applied." (Docket No. 12 at pp. 6 and 16.)

This argument is flawed for two reasons. First, it rests on a false assumption that the public policy of Puerto Rico is dispositive. On the contrary, courts have frequently upheld forum selection clauses pertaining to claims arising pursuant to Puerto Rico Law 75. See, e.g., Royal Bed, 906 F.2d at 49 (upholding forum selection clause prescribing Brazil as mandatory forum); Antilles, 526 F. Supp. 2d at 210 (same; England); Stereo Gema, 941 F. Supp. at 273 (same; California); see also Puerto Rico Surgical Techs., Inc. v. Applied Med. Distribution Corp., No. 10-1797, 2010 WL 4237927, at *3 (D.P.R. Oct. 26, 2010) (Pieras, J.) (holding that clause in exclusive distribution agreement designating California as the forum did not contravene a strong public policy of Puerto Rico). Second, MD Distributors' argument is inconsistent with Piper Aircraft Co. v. Reyno, 454 U.S. 235, the leading case on the forum non conveniens doctrine. In Piper, the Supreme Court stated:

> The Court of Appeals erred in holding that plaintiffs may defeat a motion to dismiss on the ground of forum non conveniens merely by showing that the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum. The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the forum non conveniens inquiry.

Id. at 247.  Accordingly, this Court finds that the forum selection clause does not contravene the public policy of Puerto Rico. Because the forum selection clause is enforceable, dismissal is warranted pursuant to Rule 12(b)(6).

## IV.  Conclusion

For the reasons set forth above, the Court **GRANTS** Dutch Ophthalmic's motion to dismiss pursuant to Rule 12(b)(6).  (Docket No. 7.)  Accordingly, this case is **DISMISSED without prejudice**. Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, July 23, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE